```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK BANKS,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   Civil Action No. 07-336
                                    )   Judge Gary L. Lancaster/
PITTSBURGH TRIBUNE REVIEW;          )   Magistrate Judge Amy Reynolds Hay
PUBLISHER, TRIBUNE REVIEW; and      )
EDITOR, PITTSBURGH TRIBUNE REVIEW,  )
                                    )
                Defendants.         )
```

## REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that, prior to service, the complaint be dismissed pursuant to the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

REPORT

Frederick Banks, (Plaintiff) a federal convict, is currently incarcerated at the FCI-Yazoo City in Mississippi. He was previously convicted in this court in two separate cases: United States v. Banks, No. 03-CR-245 (W.D. Pa.) and United States v. Banks, No. 04-CR-176 (W.D. Pa.). He is currently serving a sentence of sixty months in No. 03-CR-245 for his convictions of seven counts of mail fraud, criminal copyright infringement, money laundering, uttering and possessing counterfeit or forged securities, and witness tampering. Upon expiration of that sentence, he will commence serving a sentence of sixty-three (63) months on his conviction for eight counts of mail fraud. See Banks, No. 04-CR-176 (Dkt. 391, judgment of sentence, indicating the sentence is to be served consecutive to the sentence

imposed at No. 03-CR-245).  Named as defendants in the case at bar are The Pittsburgh Tribune Review, a local newspaper, its publisher and its editor-in-chief.  Because the complaint fails to state a federal claim, it should be dismissed pursuant to the Prison Litigation Reform Act and the court should decline to exercise supplemental jurisdiction over the state law claims.

**A.   Relevant Procedural History**

Plaintiff filed a motion, requesting leave to proceed in forma pauperis.  That motion was granted.

**B.   Applicable Legal Principles**

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that–  (A) the allegation of poverty is untrue;  or  (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, and was a prisoner at the time of initiating this suit and continues to be a prisoner within the meaning of 28 U.S.C. § 1915.[1] Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii));

---

[1] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. § 1915(e).  See, e.g., Lloyd v. U.S., No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See  Estelle v. Gamble, 429 U.S. 97

(1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.")(some internal quotations omitted).

Neither does the court have to accept as true any allegations of fact in the complaint which contradict facts of which the court may take judicial notice. See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . ."), *opinion amended on denial of reh'g by*, 275 F.3d 1187 (9TH Cir. 2001); Romiti v. Kerner, 256 F.Supp. 35, 42 (N.D. Ill. 1966)("However, a court should not be required to accept as true, facts alleged in a complaint which are contrary to facts of which the court will take judicial notice."); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1363, at 464-65 (2d ed. 1990)("The court will not accept as true allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading.")(footnotes omitted).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, dismissal is proper under Rule 12(b)(6) and hence, under Section 1915(e)(2)(B)(ii), where the court determines that the facts alleged, which are not contradicted by facts of which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000).

**C.   Discussion**

    1.   Plaintiff's complaint

The complaint's entire factual premise is that "[o]n or about Tuesday March 14, 2007 [sic, should be 2006], The Tribune Review and Defendants published an article which stated that Banks was convicted of 'witness intimidation' which was false and a false statement and damaged Bank's [sic] name." Dkt. [1] at 5, ¶2. Banks alleges that he contacted the Defendants via letter and requested that they print a retraction but they did not respond. He thereafter contacted the Defendants by phone and was told that the United States Attorney issued a press release which stated that Banks was convicted of witness intimidation. Banks then contacted the United States Attorney who successfully prosecuted Plaintiff, who informed Plaintiff that no

press release was issued in the case.  Plaintiff contends that the Defendants never issued a retraction.

Plaintiff contends that the Defendants maliciously printed false statements.  Plaintiff contends that such actions by the Defendants deprived him of his United States Constitutional rights to Due Process and Equal Protection and so he brings an action in Count I of the complaint under 42 U.S.C. § 1983 for the alleged deprivation.  Under Count II Plaintiff alleges that the Defendants violated 42 U.S.C. § 1985, wherein he alleges that the Defendants conspired to infringe on Banks' constitutional rights because of his status as an African-American.  Lastly, under Count III of the complaint, Plaintiff brings a state law claim for libel, pursuant to this court's supplemental jurisdiction.  He also attempts to invoke "strict liability."

    2.   <u>The Defendants Do Not Act under Color of Law</u>

In Count I of the complaint, Plaintiff sues the Defendants under Section 1983 of the Civil Rights statute. Count I fails to state a claim under Section 1983 because the Defendants do not act under color of state law as is required by Section 1983.  In order to state a claim under 42 U.S.C. § 1983, the complaint must reveal that (1) the challenged conduct was committed by a person acting under color of state law and (2) the conduct infringed on Plaintiff's federal rights. <u>See</u> <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  The private newspaper, the Tribune Review, its publisher and its editor-in-chief do not, as a matter of law, act under color of law so

7

as to be liable under Section 1983.  This is so notwithstanding Plaintiff's argument that because the Tribune Review is incorporated under the laws of Pennsylvania, it was acting under the color of state law.  See, e.g., Blouin v. Loyola University, 506 F.2d 20, 21-22 (5th Cir. 1975) ("appellant suggests that a finding of state action would be justified by the fact that Loyola is a corporation organized and incorporated under the laws of the State of Louisiana.  Loyola maintains that none of these factors, either individually or collectively, are of the nature, kind, or degree to support a finding of state action.  We agree.  The licensing of an otherwise private entity by the government does not, of itself, require a finding of state action.").  See also Vander Linden v. Wilbanks, 128 F.Supp.2d 900 (D.S.C. 2000)(granting motion to dismiss and finding that newspaper was not state actor, notwithstanding allegation that newspaper and its incorporated publisher worked in "joint cooperation" with a state actor); Mimms v. Philadelphia Newspapers, Inc., 352 F.Supp. 862, 865 (E.D. Pa. 1972)("First, the complaint does not-and could not-allege that defendants other than the warden acted under color of law. They are newspaper people whose orbit is far from the governmental sphere and, by virtue of the first amendment, essentially insulated from it.").[2]  The Wilbanks case presented an even stronger

---

[2]  Nor is Plaintiff's citation, in prior cases that he has filed, to Martin-Marietta Corp. v. Bendix Corp., 690 F.2d 558 (6th Cir. 1982) persuasive for the proposition that private corporations constitute state actors merely because they are incorporated under the laws of a state.  See, e.g., Banks v. Haywood, No. 06-CV-1572 (W.D. Pa. Dkt. 5-

case than Plaintiff's case for the finding of state action and still the complaint was dismissed.  A fortiori, Plaintiff's complaint should likewise be dismissed.

       3.   <u>Section 1985 Cause of Action in Count II</u>

As for his Section 1985 claim, again, Plaintiff fails to state a claim.  The elements of a Section 1985(3) claim which is the only applicable subsection, are: (1) conspiracy; (2) for purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of laws, or of equal privileges and immunities under laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of citizen of the United States; more specifically, the second element requires showing of a class-based, invidiously discriminatory animus behind conspirators' action.  <u>Lucero v. Operation Rescue of Birmingham</u>, 954 F.2d 624, 627-28 (11th Cir. 1992).  The complaint fails to state a

---

1). It is true that the <u>Bendix</u> court stated in broad terms that "Private individual conduct may constitute action under color of state statute where the power possessed by an individual or entity is possessed only because the individual or entity is clothed with the authority of state law." <u>Id</u>. at 562.  However, to read this statement to mean that because the newspaper is a corporation and hence, its power to act as a corporation is possessed only because the newspaper is clothed with the authority of state law is to read the statement too broadly and to render every action of every corporation action under color of state law, a proposition that is self-evidently incorrect.  To the extent that the <u>Bendix</u> case may be read to hold such a proposition, it is the decision of the Sixth Circuit and not binding authority for this court.  Hence, it is only persuasive authority and as such, authority only to the extent it is persuasive.  This court finds it is not persuasive and finds instead, the decision in <u>Vander Linden v. Wilbanks</u> persuasive.

cause of action under Section 1985 against the Defendants because that section addresses itself to conspiracies and the complaint herein includes only conclusory allegations of conspiracy which are insufficient to state a claim.  "It is not enough for a section 1985 plaintiff to plead mere conclusory allegations of a conspiracy. Rather, the plaintiff must plead specific material facts that show the existence of a conspiracy."  Copeland v. Northwestern Memorial Hospital, 964 F.Supp. 1225, 1235 (N.D. Ill. 1997). See also Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989)("[t]he allegations [of conspiracy] must be sufficient to 'describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'").  Nor does this requirement that allegations of conspiracy be more than conclusory run afoul of the generous pleading standard under Fed.R.Civ.P. 8(a) as construed in Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). See, e.g., Loftus v. SEPTA, 843 F.Supp. 981, 988 (E.D. Pa. 1994) ("Requiring that a complaint alleging conspiracy flesh out in some detail the nature of the scheme does not run afoul of the admonition in *Leatherman* .... Rather, in the context of a conspiracy, the 'short and plain statement' provision of Rule 8 is satisfied only if the defendant is provided with the degree of particularity that animates the fair notice requirement of the rule.").

Alternatively, Plaintiff fails to state a claim under Section 1985(3) because at most he alleges a conspiracy to defame him based on his race, which is inadequate.  Section 1985(3) reaches three kinds of conspiracies: (1) racially-motivated private conspiracies to deprive persons of rights secured to all by federal law; (2) racially-motivated private conspiracies to deprive persons of rights secured to all by state law, where the deprivation interferes with the exercise of a federally-protected right; and (3) racially-motivated conspiracies to deprive persons of rights secured only against governmental action (such as the right of free speech), provided the defendants are either "state actors" or seeking to influence the state to act in a prohibited way.  <u>Stevens v. Tillman</u>, 855 F.2d 394 (7th Cir. 1988).

Here, the first kind of conspiracy is not implicated because a conspiracy to defame does not deprive Plaintiff of any federally protected right.  <u>See</u>, <u>e.g.</u>, <u>Lancaster v. Independent Sch. Dist. No. 5</u>, 149 F.3d 1228, 1235 (10th Cir. 1998) ("While the injury to reputation asserted by the plaintiff may be actionable under state tort law, it falls far short of a constitutional violation.") (footnote omitted); <u>Oliver v. Collins</u>, 904 F.2d 278, 281 (5th Cir. 1990)("injury to reputation alone does not give rise to section 1983 liability"); <u>Ellingburg v. Lucas</u>, 518 F.2d 1196, 1197 (8th Cir. 1975)("Damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or

11

immunity secured to him by the Federal Constitution or laws of the United States."); Mimms v. Philadelphia Newspapers, Inc., 352 F.Supp. 862, 865 (E.D. Pa. 1972)("Neither is a defamation claim cognizable under the Civil Rights Act.").[3]  While defamation may deprive Plaintiff of a state law right, such deprivation simply does not interfere with the exercise of a federally-protected right and hence the second kind of covered conspiracy is not made out.  Finally, a conspiracy to defame does not satisfy the third kind of conspiracy because the right to not be defamed is not a "right secured only against governmental action" nor are the Defendants either "state actors" or seeking to influence the state to act in a prohibited way.  Hence, Plaintiff's Section 1985(3) claim fails to state a claim upon which relief can be granted.

    4.   Libel Action in Count III

Plaintiff also attempts to bring a state law claim for libel in Count III of the complaint.  However, if the District Court adopts the recommendation to dismiss all of the federal claims, it should exercise its discretion to decline supplemental jurisdiction over the state law claim.  See, e.g., Boneburger v. Plymouth Township, 132 F.3d 20, 23 n.1 (3d Cir. 1997)("where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state

---

[3] This same reasoning applies to Plaintiff's Section 1983 claim and serves as an alternative ground to dismiss Count I.  Namely, a conspiracy to defame Plaintiff deprives him of no federally protected right as is required for making out a Section 1983 claim.

claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'")(*quoting,* Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995)).  See also 28 U.S.C. § 1367(c)(3) which permits a district court to "decline to exercise supplemental jurisdiction over a [state law] claim ... if [it] has dismissed all claims over which it has original jurisdiction...."  Here, the appropriate considerations do not provide an affirmative justification for retaining supplemental jurisdiction and deciding matters of state law especially given the preliminary stage of the proceedings.  In fact, considerations weigh in favor of Plaintiff pursuing his state tort claims in a state court which is in a better position to decide matters of state tort law.  See, e.g., Kennedy v. United States, 643 F.Supp. 1072, 1084 (E.D.N.Y. 1986) ("Plaintiffs' claims of negligence, nuisance, and trespass, and violations of the New York State Constitution and a specific provision of the New York Environmental Conservation Law are causes of action the resolution of which is far better placed in the hands of the New York State courts than in a federal court.").[4]

For any or all of the foregoing reasons, the complaint should be dismissed pursuant to the screening provisions of the PLRA.

---

[4] Although not clear, it may be that Plaintiff is attempting to make out a claim of strict liability.  Dkt. [1] at 7, ¶¶21-22.  To the extent that he is attempting to do so, it appears that this claim also constitutes a state law claim and as such, the foregoing reasoning recommending that supplemental jurisdiction be declined as to the libel claim applies equally to the strict liability claim.

CONCLUSION

    In accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                      Respectfully submitted,

                                      /s/ Amy Reynolds Hay
                                    United States Magistrate Judge

Dated: 2 April, 2007

cc:   Hon. Gary L. Lancaster
      United States District Judge

      Frederick Banks
      # 05711-068
      FCC Yazoo City (Low)
      P.O. Box 5000
      Yazoo City, MS 39194-5000